IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BLAKE DRAPER,
on behalf of himself and
all others similarly situated,

                Plaintiff,                        OPINION AND ORDER

    v.

                                                            11-cv-535-wmc

CAPTEL, INC.,

                Defendant.

---

      This is a civil action for monetary relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-19, and Wisconsin's Unpaid Wage statutes, Wis. Stat. §§ 103.03, 104.02, & 109.03.[1]  Plaintiff Blake Draper alleges that employees working as "Captioning Assistants" for defendant Captel, Inc. were denied overtime wages because of Captel's general policy of rounding off work hours.  Draper has sued Captel on behalf of two putative classes: (1) a "Collective Class" for violation of the FLSA; and (2) a "Wisconsin Unpaid Wage Class" for violation of Wisconsin's Unpaid Wage statutes.  Captel has stipulated to conditional certification of the Collective Class.[2]

      Before the court is the parties' "Joint Stipulation for Conditional Class Certification and Court-Authorized Notice" purportedly submitted in lieu of a motion to the same effect pursuant to 29 U.S.C. § 216(b).  (Dkt. #13.)[3]  While conclusory

---

[1] Jurisdiction is present in this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

[2] Captel has reserved the right to move for de-certification of the class at the close of discovery.

[3] Draper does not seek certification of the Wisconsin Unpaid Wage Class under Fed. R.

allegations are contained in Draper's First Amended Collective Class Action Complaint, the parties have not submitted any affidavits to demonstrate that Draper is similarly situated to other potential class members. Despite the parties' stipulation to certification, the court still requires at least a "modest factual showing" to go forward under 29 U.S.C. § 216(b). Accordingly, the court will withhold its approval of the parties' "joint stipulation" at this time, but will give the parties an opportunity to supplement their filing with an appropriate affidavit(s).

OPINION

Under the Fair Labor Standards Act, a district court may certify a class of similarly-situated plaintiffs and allow the representative plaintiff to send out opt-in notices to potential class members. 28 U.S.C. § 216; *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Harkins v. Riverboat Serv's, Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004). This court uses a two-step process for class certification. *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 628-29 (W.D. Wis. 2009); *Austin v. Cuna Mut. Ins. Soc'y*, 232 F.R.D. 601, 605 (W.D. Wis. 2006). During the first step, the named plaintiff must make "a modest factual showing" that he is "similarly situated" with potential class members – typically by showing that they are all "victims of a common policy or plan that violated the law." *Austin*, 232 F.R.D. at 605. If this showing is made, the court will conditionally certify the class and authorize the plaintiff to send notice to potential class members and allow the parties to conduct discovery. *Id.* The second step occurs at the close of

---

Civ. P. 23 at this time. Motions to certify a class under Rule 23 are due on March 30, 2012.

discovery upon a motion for decertification by the defendant. With the aid of any additional evidence revealed in discovery, the court determines whether the plaintiffs are in fact similarly situated to those who have opted in. *Id.*

The parties are now at the first step in the conditional certification process, seeking conditional certification of the following class of individuals:

> All persons employed by Captel as a captioning assistant at any time during the past three years who, due to Captel's time clock rounding policies, were suffered and permitted to perform work for which they were not compensated.

(Am. Compl. (dkt. #8) 2.) In his complaint, plaintiff alleges that he is similarly situated to all members of the putative class because all Captioning Assistants are subject to the same time clock rounding policies. Plaintiff has not, however, supported this allegation with an affidavit. Although defendant is stipulating to conditional certification, the court is obliged under §216(b) to require at least a minimum factual showing that a collective class exists. Therefore, the court is unable to approve the parties' joint motion for conditional certification at this time.

The scheduled deadline to certify a class conditionally has passed. (*See* dkt. #11.) However, the court will allow the parties an opportunity to support their stipulation for conditional certification. The parties will have two weeks from the issue of this order to submit the necessary supporting affidavit(s). To that end, plaintiff is advised to submit a detailed affidavit supporting his own version of the facts, along with affidavits from at

3

least two other putative plaintiffs who can corroborate that they were subject to the same overtime rounding policy.[4]

ORDER

IT IS ORDERED that:

1) Plaintiff Blake Draper and defendant Captel Inc.'s Joint Stipulation for Conditional Class Certification and Court Authorized Notice is STAYED.

2) The parties have until January 12, 2012, to submit additional supporting affidavit(s) consistent with the opinion above.

Entered this 29th day of December, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[4] When a plaintiff provides evidence of a company-wide practice, affidavits from a small number of class members may be sufficient to make an initial showing of similarity. *Kelly*, 256 F.R.D. at 630.