IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**BLAKE DRAPER**
on behalf of himself and
all others similarly situated,

                                            Case No. 11-CV-535

                Plaintiff,

    vs.

**CAPTEL, INC.**

                Defendant.

**JOINT STIPULATION FOR CLASS CERTIFICATION
PURSUANT TO FED. R. CIV. P 23**

The parties, by and through their counsel of record, submit this Joint Stipulation for Class Certification pursuant to Fed. R. Civ. P. 23. This stipulation is entered into, and the class is certified, as a condition and for purposes of the settlement reached between the parties only.

1. The parties, through negotiation, reached a settlement in this case. In connection with this settlement, the parties agreed to stipulate to certification of the proposed Fed. R. Civ. P. 23 Class defined below, for settlement purposes only.

2. Pursuant to the Court's order, the following class is certified under Fed. R. Civ. P. 23; that class is defined as:

> All persons employed by Captel as a captioning assistant at any time during the period from July 27, 2009 to May 11, 2012, who, received compensation consistent with Captel's time clock rounding policies which rounded up or down based on quarter hour increments and who worked at least 60 shifts during this period.

3. The parties stipulate and agree that the requisites for establishing Fed. R. Civ. P. 23 class certification with respect to the class of Captel captioning assistants have been and are met. More specifically, the parties stipulate and agree that:

    i. The Class is so numerous as to make it impracticable to join all Class Members and that;

    ii. There are common questions of law and fact including, but not limited to, the following:

        a. Whether Captel failed to pay appropriate overtime compensation to the Named Plaintiff and members of the putative class in violation of and within the meaning of Wisconsin Statute § 103.03 and Wisconsin Administrative Code § DWD 274.03;

        b. Whether Captel failed to pay appropriate minimum wages to the Named Plaintiff and members of the putative class in violation of and within the meaning of Wisconsin Statute § 104.02 and Wisconsin Administrative Code § DWD 272.03;

        c. Whether Captel failed to pay appropriate wages to the Named Plaintiff and members of the putative class in violation of and within the meaning of Wisconsin Statutes § 109.03;

        d. The nature and amount of the allegedly compensable work performed by the Named Plaintiff and members of the putative class;

        e. The proper measure of damages, if any, sustained by the Named Plaintiff and members of the putative class.

      iii.      Plaintiff Blake Draper (the "Named Plaintiff") has claims typical of the claims of Class Members with respect to the violations alleged in Plaintiff's Complaint;

      iv.      The Named Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the class;

      v.      Questions of law and fact common to the members of the Class predominate over any questions affecting any individual member of the Class and a class action is superior to other available means for the fair and efficient adjudication of this controversy.

4.      Subject to the Court's granting of Preliminary Approval of Class Action Settlement, the parties intend to send Notice to the class members in the form attached as Exhibit A to the parties' Settlement Agreement.

5.      If the parties' proposed settlement is not finally approved by the Court, or the settlement is terminated or fails to become effective in accordance with the terms of the Settlement Agreement, this Stipulation and the Court's Order as to this Stipulation shall be vacated without further order of the Court and without prejudice to the right of any party to seek or oppose class certification thereafter.

WHD/8526470.2

Dated this 11th day of May, 2012.

       **HAWKS QUINDEL, S.C.**
       Attorneys for Plaintiff

       By:    */s/ William E. Parsons*
           William E. Parsons, State Bar No. 1048594
           Email: wparsons@hq-law.com
           David C. Zoeller, State Bar No. 1052017
           Email: dzoeller@hq-law.com
           Danielle M. Schroder, State Bar No. 1079870
           Email: dschroder@hq-law.com
           Post Office Box 2155
           Madison, Wisconsin 53701-2155
           Telephone: 608/257-0040

Dated this 11th day of May, 2012.

       **WHYTE HIRSCHBOEK DUDEK S.C.**
       Attorneys for Defendant

       By:    */s/ Thomas P. Godar*
           Thomas P. Godar SBN 1007751
           Jeffery McIntyre SBN 1038304
           Jonathan D. Bundy SBN 1074290
           Attorneys for Defendant Captel Inc.
           33 East Main Street
           Suite 300
           Madison, WI 53703
           Telephone: 608-255-4440
           Fax: 608-258-7138
           Email: tgodar@whdlaw.com
           jmcintyre@whdlaw.com
           jbundy@whdlaw.com