IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BLAKE DRAPER, on behalf of himself
and all others similarly situated,

|  |  |  |
|---|---|---|
|  | Plaintiff, | ORDER |
| v. |  |  |
|  |  | 11-cv-535-wmc |
| CAPTEL, INC., |  |  |
|  | Defendant. |  |

---

On behalf of himself and others similarly situated, plaintiff Blake Draper brings this class action alleging that defendant Captel, Inc. denied Draper and other employees base and overtime wages in violation of the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 216) and Wisconsin state law.  (Compl. (dkt. #1).)  Presently before the court are the parties' joint motions for preliminary approval of their settlement agreement and for class certification under Federal Rule of Civil Procedure 23 (dkt. ##28, 29) and a joint request for status conference (dkt. #33).

The proposed "Wisconsin Rule 23" class is defined as:

> All persons employed by Captel as a captioning assistant at any time during the period from July 27, 2009 to May 11, 2012, who, received compensation consistent with Captel's time clock rounding policies which rounded up or down based on quarter hour increments and who worked at least 60 shifts during this period.

(Joint Stipulation for Class Certification (dkt. # 28) ¶ 2.)

The court is concerned about several aspects of the parties' class certification request and proposed settlement, and will convene a brief hearing to discuss the following matters:

**<u>Class Certification</u>**

1.  The proposed "Wisconsin Rule 23" class contains no geographic limit on the class members.  Presumably, all of Captel's employees worked in Wisconsin, and are thus protected by Wisconsin employment law.  Is there any objection to restricting the Rule 23 class to employees who worked in the state of Wisconsin?

2.  The definition is limited to those employees working "at least 60 shifts" during the damage period.  Presumably, this is to place some reasonable limit on the number and class of potential claimants.  Even so, the choice of *60* shifts seems somewhat arbitrary and the court would like elaboration as to the reasons for choosing this as a limit.

**<u>Settlement</u>**

1.  Page 4 of the parties' brief in support of settlement (dkt. #31) states that "by executing and cashing their settlement check, each member of the Class is electing to opt into this FLSA action."  This would appear to run afoul of 29 U.S.C. § 216(b), which states that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

2. The settlement structure does not allow a plaintiff to stay in the Rule 23 class while opting out of the FLSA class. "Class Members who do not exclude themselves from the [Rule 23] settlement shall be deemed to have released all federal and Wisconsin state wage and hour claims." (Settlement, dkt. #29-1, § 8.b). This is raises concerns previously articulated by the court. *See Sherburn v. Duluth Trading Company, LLC*, W.D. Wis. Case No. 11-cv-438-wmc (dkt. #38).

3. The settlement notice contains no dates informing potential class members of the day by which they must (a) opt into the FLSA class; or (b) file an exclusion form to opt out of the Rule 23 class. These dates must be *prominently* disclosed on the notice form. Barring objection from the parties, the court would propose to set this cut-off date at 60 days from the date the settlement is mailed to the class.

4. The settlement notice does not contain a separate form that potential class members can file to exclude themselves from the Rule 23 class. The court recommends that a standard form be included in the settlement notice for this purpose.

5. To approve the terms of settlement, the court will require more information about the average number of minutes that was rounded off by the time clock policy, the extent to which overtime was not paid, and the efforts made by plaintiff's counsel to determine which plaintiffs were not being paid minimum wage. Plaintiff has asserted five claims in his complaint: (1) FLSA overtime;

3

(2) FLSA minimum wage; (3) Wisconsin law overtime; (4) Wisconsin law minimum wage; (5) Wisconsin law right to be paid for wages earned. Although the court understands that double compensation under federal and state law is not allowed for the same injury, there is not enough detail to understand how the value of each of these claims was factored into the settlement figures, and what weight was given to the possibility for penalties under Wisconsin law (Wis. Stat. § 109.11) and liquidated damages under the FLSA (29 U.S.C. § 216(b)).

ORDER

IT IS ORDERED that a hearing to discuss the above-listed issues, as well as any others the parties may have, will be held on July 18, 2012 at 9:00 a.m.

Entered this 5th day of July, 2012

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4