**ATTORNEYS AT LAW**
**HAWKS QUINDEL, S.C.**

222 West Washington Avenue, Suite 450
Post Office Box 2155
Madison, Wisconsin 53701-2155

MADISON OFFICE
Aaron N. Halstead
William E. Parsons
Nicholas E. Fairweather

David C. Zoeller
Danielle M. Schroder
Colin B. Good

608-257-0040
Fax 608-256-0236
www.hq-law.com

*Offices also in Milwaukee*

July 17, 2011

Honorable William M. Conley
U.S. District Court, Western District of Wisconsin
120 North Henry Street
Madison, Wisconsin 53703

Re:	Draper v. Captel, Inc.
	Civil Action No. 11-cv-535-wmc

Dear Judge Conley,

In anticipation of tomorrow's hearing regarding the settlement in this matter, the parties file as an attachment to this letter the Revised Settlement Agreement and exhibits thereto. These documents have been revised in accordance with the issues identified in the Court's July 5, 2012 Order. (Dkt. 35). The parties have included in their attachment both a clean and redlined copy of the Revised Settlement Agreement and attachments, showing those portions of the agreement which have been revised. I write to provide a summary of those revisions.

## Class Certification

In order to address the Court's concern expressed in its July 5, 2012 Order (Dkt. 35) at point 1 under "Class Certification," the geographic scope of the class has been limited to Wisconsin. The parties have filed a revised Joint Stipulation for Class Certification (Dkt. 36) reflecting the same.

## Settlement

Regarding the concern expressed at points 1 and 2 under "Settlement," that written consents would not be filed with the Court under the original agreement and that class members cannot choose to opt-out of the FLSA class only, the parties have altered the "opt-in" procedure for the settlement. Each class member will be provided with a Consent Form, included in Exhibit A to the Revised Settlement Agreement, and 60 days to opt-in to the FLSA class should they elect to do so. Consent Forms received by counsel will be filed with the Court.

Further, the parties have set aside 15% of the settlement funds allocated to the Settlement Class as payment of liquidated damages to those individuals who opt-in to the FLSA collective class and release their federal overtime claims. These amounts will be distributed to the opt-in Plaintiffs on a pro-rata basis, based on the number of shifts worked by each opt-in Plaintiff during the class period. Class members who do not opt-in will not release their FLSA claims.

These changes to the opt-in procedure, and their impact on the scope of the release for the Class Members, have also been revised in the Notice attached as Exhibit A to the Revised Settlement Agreement. Further, the Notice has been revised to indicate that class members have 60 days form the mailing of the Notice to opt-in, object, or exclude themselves per point 3 under "Settlement" in the July 5, 2012 Order.

Finally, addressing point 4 under "Settlement" in that order, the parties have included with Exhibit A to the Revised Settlement Agreement a "Request for Exclusion" form.

The parties intend to address point 2 under "Class Certification" and point 5 under "Settlement," which are not addressed in this correspondence, in detail during tomorrow's hearing. Thank you for your attention to this matter.

Sincerely,

William E. Parsons