IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**BLAKE DRAPER**
on behalf of himself and
all others similarly situated,

                                                  Case No. 11-CV-535

                    Plaintiff,
    vs.

**CAPTEL, INC.**
                    Defendant.

---

**MEMORANDUM OF LAW IN SUPPORT OF PETITION
FOR CLASS COUNSEL'S COSTS AND ATTORNEY'S FEES**

---

## INTRODUCTION

This is a hybrid action alleging wage and hour violations as a collective action and class action under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b). The action concerns whether Defendant's time clock rounding policy caused the Plaintiff and the class members to work hours for which they received no compensation, including overtime hours, in violation of the Fair Labor Standards Act (FLSA) and Wisconsin wage and hour laws.

The parties have reached a settlement agreement in the dispute, which has been preliminarily approved by the Court. (dkt. #41). The agreement includes provision that class counsel will petition for attorney's fees and costs from the common fund of $297,500, not to exceed $71,500. (dkt. #37.1 at ¶6). Plaintiff's costs to date are $4,754.88, which include the costs of providing

notice to over 3,000 class members, leaving $66,745.12 available as attorney's fees. This amount represents 22.44% of the common fund, far below the market rate of 30%-33% for similar cases in this Court, and below the 33% contingent fee agreement entered into with the Named Plaintiff.

Because Class Counsel achieved a significant benefit to the class in light of great risk and in a timely and efficient manner, because no class member has objected to the settlement or Class Counsel's fees and costs, and because Class Counsel's petition of attorney's fees of 22.44% of the common fund is below the market rate for similar cases, Class Counsel requests approval of its petition for attorney's fees and costs.

## STATEMENT OF FACTS

### A.  Procedural and Settlement History

The Plaintiff filed his Class and Collective Action Complaint against Defendant on July 27, 2011. (dkt. # 1). He alleges that Defendant maintained a time clock rounding policy which caused him and the putative class members to spend time working for Defendant without compensation, including overtime hours. (Id).

The parties agreed to stipulate to conditionally certify the Plaintiff's FLSA collective class on October 27, 2011. After requesting that Plaintiff submit additional evidentiary support, the Court granted the parties' stipulation and conditionally certified the class. (dkt. # 23).

Shortly after the Court conditionally certified the Plaintiff's collective class, the parties attempted to resolve this dispute through negotiation.

In connection with the parties' negotiated Joint Stipulation for Conditional Class Certification, Defendant agreed to produce a random, statistically significant sample of time clock and payroll data for approximately 300 members of the collective class. (dkt. #31, Declaration of Attorney William E. Parsons in Support of Joint Motion for Preliminary Approval of Settlement at ¶2). This data contained the punch in and punch out time as well as the total amount of time paid for each shift worked spanning over 39,000 shifts worked by Captel captioning assistants during the statutory period. Separately, Plaintiff's Counsel and Defendant's Counsel analyzed this data to determine whether Defendant's time clock rounding policy may have resulted in unpaid work time, and to create an average amount of unpaid work time per shift for the class. (Id. at ¶3).

In addition to the time and pay data produced for these 39,000 shifts, Defendant produced the total number of shifts worked by all of its captioning assistants during the three year statutory period. (Id. at ¶4). Using this data, Plaintiff's Counsel was able to create damages models based on a range of uncompensated minutes per day using the average number of

uncompensated minutes and the total number of shifts worked on a two and three years basis.[1]

On two occasions counsel for the parties met in person in an effort to resolve the dispute. (dkt. #31 at ¶6). The parties were not able to reach a resolution of the claims through these in-person meetings, but continued negotiations subsequent to the second meeting. (dkt. #31 at ¶7). The parties ultimately reached an agreement on the precise number of minutes each shift for which the class would be repaid, as well as an agreement on payment of attorney's fees, costs, and liquidated damages. (dkt. #31 at ¶ 8). The parties filed this Agreement for the Court's preliminary approval. (dkt. #29.1). The parties revised the Agreement consistent with the direction of the Court to create a separate allocation for FLSA damages for those individuals who chose to opt-in to the FLSA collective class. (dkt. #37.1, #37.2).

### B. The Settlement Agreement

The terms of the revised Settlement Agreement are as follows. A total Settlement Fund of $297,500.00 is created out of which the following allocations shall be made:

- **$191,250** to be allocated to the Fed. R. Civ. P. 23 class as payment for the Wisconsin wage claim based on the number of shifts worked during the class period. (dkt. #37.1 at ¶3);

---

[1] While the FLSA allows for an extension of the statute of limitations from two to three years where a willful violation is proven by the Plaintiffs, no such extension of the two year statute of limitations exists under Wisconsin law. Compare 29 USC § 255(a) and Wis. Stat. § 109.09(1).

4

- <u>$33,750</u> to be allocated to those individuals who elect to opt-in to the FLSA collective class as provision for additional liquidated damages available under the FLSA. (<u>Id.</u> at ¶4);
- <u>$1,000</u> to be allocated to the Named Plaintiff as a service payment. (Id. at ¶5);
- <u>$71,500</u> to be allocated as costs and attorney's fees (subject to Court approval of Plaintiff's fee petition). (<u>Id.</u> at ¶6).

There is no claims process in this settlement. Each member of the settlement class will be allocated settlement funds unless they exclude themselves from the settlement. Those individuals who elect to opt-in to the FLSA collective class will be allocated additional settlement funds representing the availability of liquidated damages under the FLSA, 29 U.S.C. § 216(b). Attorney's fees and costs will be petitioned from the common fund.

### C. Settlement Administration and Notices

On May 11, 2012, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement and Joint Stipulation for Class Certification. (dkt. # 29). Consistent with Court Order (dkt. # 39), the parties later filed a revised Settlement Agreement and revised Notice of Settlement. (dkt. #37.1, #37.2, #40.1). The Court ultimately approved the Notice on July 30, 2012. (dkt. #41).

Plaintiff's Counsel subsequently administered the Notice in this matter and bore the cost of the same. The court-approved Notice was sent to the 3,102 putative class members on August 10, 2012. (dkt. # 46, Declaration of William E. Parsons in Support of Joint Motion for Final Approval of Class

Action Settlement at ¶2). The 60 day Notice Period closed on October 9, 2012. As of that date, 484 individuals had returned executed Consent Forms. (dkt. #47, #48). Additionally, 60 individuals, or 1.9% of the class, had filed Requests for Exclusion. **No class member filed an objection to the settlement**. (dkt. #46 at ¶4).

The Notice provided to the settlement class clearly indicates that Plaintiff's Counsel has agreed to petition for attorney's fees and costs out of the total settlement fund of $71,500 and has received no payment to date. (dkt. # 41.1). Further, the Notice informs class members of their right to object to the terms of the settlement, including counsel's anticipated petition for attorney's fees and costs, and the procedure to do so. (Id). Again, no class member has objected to the settlement terms or the Class Counsel's attorney's fees.

## ARGUMENT AND AUTHORITIES

### I. CLASS COUNSEL'S REQUEST FOR ATTORNEY'S FEES IS CONSISTENT WITH THE REASONABLE MARKET RATE GIVEN THE RISKS OF THIS LITIGATION.

#### A. Plaintiffs Are Entitled to Attorney's Fees and Costs

Plaintiffs are entitled to fees in this lawsuit, which was brought as a FLSA collective action and a Fed. R. Civ. P. 23 class action under Wisconsin wage and hour laws.

The purpose of Section 216(b) of the FLSA is to ensure "effective access to the judicial process by providing attorney's fees for prevailing plaintiffs

6

with wage and hour grievances." Roofers Local 317 v. G & M Roofing & Sheet Metal Co., 732 F.2d 495, 502 (6th Cir. 1984). "Congress intended that the wronged employee should receive his full wages . . . without incurring any expense for legal fees or costs." (Id). Consistent with these policies, in an action under the FLSA, the district court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Similarly, attorney's fees and costs are recoverable under the state wage and hour statutes at issue in this litigation. Wis. Stat. 109.03(6).

Plaintiffs are the prevailing party in this litigation, and they are entitled to an award of attorney's fees. A plaintiff "prevails" when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-112 (1992). This relief may come in the form of an enforceable judgment, a consent decree, or a settlement. Id.; see also Rule 23(h), Fed. R. Civ. P. ("In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement."). Here, Plaintiffs have secured substantial relief, as evidenced by the terms of the proposed Settlement Agreement. Accordingly, Plaintiffs are the prevailing party and are entitled to an award of attorney's fees and costs under the FLSA and applicable state law.

7

### B. Class Counsel's Request for Fees Is Reasonable and Consistent With the Market Rate

This court has broad discretion in deciding whether a requested fee is reasonable in the class action context. Alan Wright et al., Federal Practice and Procedure § 1803.1 (3d ed. & 2008 Supp.).

The Seventh Circuit uses a "market-based approach" to determine the amount to be awarded as reasonable attorney's fees. Under this approach, the district court "is required to estimate the terms of a contract [that] private plaintiffs would have negotiated with the attorneys at the outset of the case, with reference to benchmarks, such as the actual agreements between the class members and their attorneys, data from other suits, and auctions for legal services." 7B Charles Alan Wright et al., Federal Practice and Procedure: Federal Rules of Civil Procedure, § 1803.1 (3d ed. & 2008 Supp.). In applying this framework, "it is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order." Steinlauf v. Continental Illinois Corp., 962 F.2d 566, 568 (7th Cir. 1992). The "touchstone of the analysis" is what paying clients would have compensated the attorneys in an open market for legal services: "The object in awarding a reasonable attorney's fee, as we have been at pains to stress, is to give the lawyer what he would have gotten in the way of a fee in an arm's length negotiation, had one been feasible." (Id. at 572). Ultimately, "Class Counsel are entitled to

the fee they would have received had they handled a similar suit on a contingent fee basis, with a similar outcome, for a paying client." <u>Id.</u> at 572-73 (noting that "in personal injury suits the usual range for contingent fees is between 33 and 50 percent . . ."). This can be proven through "testimony or statistics concerning the fee arrangements in commercial litigation comparable to the present suit." (<u>Id</u>).

In the instant case, Class Counsel seek an award of attorney's fees and costs that is consistent with what a willing client would agree to pay an attorney to take this type of case at the inception of the representation. Specifically, Class Counsel seeks an award of fees representing 22.4% of the common fund in addition to reimbursement of their costs. This request is supported by the underlying fee agreements, in which Plaintiffs agreed to pay Class Counsel on a 33.33% contingency basis, plus actual costs. (Declaration of Attorney William E. Parsons in Support of Class Counsel's Petition for Costs and Attorney's Fees ("Parsons Dec.") at ¶2). Plaintiff's Counsel has agreed to petition for an amount below this, providing for a greater amount of the common fund to be allocated to the class.

As evidenced by the Declarations from Attorneys William E. Parsons, Heath Straka, Eric Haag and Larry Johnson, this amount is at or likely below the market rate for similar cases. (dkts. #51, #52, #53, #54). This is further evidenced by orders awarding fees in similar hybrid class wage and hour claims in the Western District of Wisconsin. The matter of <u>Andler v.</u>

9

Associated Banc., sits in nearly the identical procedural posture as this matter and was similarly a dispute under the FLSA and Wisconsin wage and hour law and was filed as a class and collective action. Case No. 3:11-cv-79wmc (W.D. Wis.) at dkt. # 1. The Plaintiffs in that matter alleged that Defendant misclassified its loan officers as exempt from overtime wages in violation of the FLSA and Wisconsin law. The parties reached a stipulation with regard to conditional class certification prior to settlement. (Id. at dkt. #19). The parties reached a settlement after the stipulation for conditional certification was granted and before moving for Fed. R. Civ. P. 23 class certification, and moved the Court for preliminary approval of the settlement. (Id. at dkt. # 51). After the close of the Notice Period, the parties moved for final approval of the settlement and Plaintiff's Counsel petitioned for attorney's fees of $425,000.00 (33.33% of the common fund of $1,275,000). (Id. at dkt. #59, dkt. #62). Ultimately, the Court approved attorney's fees of $382,500 (30% of the common fund) and costs of $8,660.12. (See Order Attached is Exhibit B to Parsons Dec.).

      This amount, 30% of the common fund also matches the amount of attorney's fees awarded by the Western District of Wisconsin in Goodell v. Charter Communs., LLC, 2010 U.S. Dist. LEXIS 85010. There the Court awarded attorney's fees of 30% of an 18 million dollar common fund in a case that settled before class or dispositive motions, but after "intense" mediation. (Id). The question is not how risky the case looks when it is at an end but how

the market would have assessed the risks at the outset. What fee arrangements would other lawyers have required before they would have taken the case? Applying the Seventh Circuit's market based approach, citing Sutten v. Bernard, 504 F.3d 688, 692, 693 (7th Cir. 2007), the Goodell Court (J. Crabb) held that:

> On this point, the only evidence is what plaintiffs have submitted, which is that class action fee arrangements with well qualified counsel, such as plaintiffs' counsel in this case, are rarely set lower than one-third of the recovery. Defendants have not attempted to contradict this evidence with anything to the contrary. Accordingly, I find that plaintiffs' counsel are entitled to a fee award equal to 30% of plaintiffs' $18 million recovery.

(Id. at ¶4).

In the present case, Class Counsel's request for fees totaling 22.4% of the common fund in addition to costs is below the market rate for similar cases in the Western District of Wisconsin.

There are other compelling factors that support the relief requested in this petition. This case yielded a favorable result for class members, none of whom have objected to the settlement. Moreover, 98% of the class is participating in the settlement. Every participating settlement class member is recovering lost wages based on the number of shifts they worked for Defendant during the class period, the most equitable practicable allocation. $191,250 has been allocated for this purpose. Further, those individuals releasing their FLSA claims have been provided additional settlement funds of $33,750.

Further, through their cooperation, counsel has provided the Class with this benefit without unnecessary expenditure of attorney's fees. Had this matter resulted in protracted litigation, counsel' attorney's fees and costs would quickly have escalated beyond the $71,500 petitioned for at this juncture. The parties were able to reach agreement on class issues and enter into a stipulation regarding the same. The cost of preparing these motions alone could have exceeded this amount.

Further, engagement in class action litigation on a contingent fee is by its nature a risky endeavor. Counsel has assumed the risk that significant time may be invested without any recovery of attorney's fees. See White v. Sundstran Corp., 256 F.3d 580, 586 (7th Cir. 2001)(" . . . attorneys already supply risk-bearing services in class actions.  They invest legal time on contingent fee, taking the risk of failure in exchange for a premium award if the class prevails."). Many cases are decided (and dismissed) at the certification (or decertification) stage given the exacting standard of proof presented by Rule 23 and 29 U.S.C. § 216(b). See e.g., Mooney v. Aramco Services Co., 54 F.3d 1207, 1214 (5th Cir. 1995); In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions, 148 F.2d 283, 283, 321 (3d Cir. 1998)(noting inherent risk of decertification in class action litigation). Setting aside the attorney manpower involved, the cost of litigating a lawsuit of this magnitude is substantial.  All of these risks (and costs) were incurred

in the face of the distinct possibility that this lawsuit might not succeed. This high-risk factor also justifies the amount of recovery sought in this petition.

Finally, the requested fees are reasonable because of Class Counsel's expertise in complex federal court litigation and the substantial time spent working on this case. Hawks Quindel, S.C. has served as Class Counsel in numerous similar matters before both this Court and the Eastern District of Wisconsin. (Parson's Dec at ¶4, ¶5, ¶6). Class Counsel's understanding of the legal, procedural and factual issues in this case allowed the parties to reach an equitable agreement quickly, without unnecessary expenditure of resources.

In summary, the market rate for representation of similar litigation, at the "front end," is exactly what Class Counsel bargained for in the instant case. This result is consistent with the excellent results achieved for the class members, along with the substantial risk that Class Counsel faced as it worked towards that result. This result is also consistent with similar fee awards in other wage and overtime cases in this Court, along with the standard fee in the prevailing market. For these reasons, Class Counsel respectfully requests that this Court enter an appropriate order awarding Class Counsel $71,500.00 as a reasonable award of attorney's fees and costs.

    **C.**    **Class Counsel's Request for Costs Is Reasonable.**

In addition to attorneys' fees, Class Counsel is entitled to reimbursement of its costs pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §1920,

Fed. R. Civ. P. 54, and Wis. Stat. § 109.03(6). The majority of the Plaintiff's costs in this matter related to the mailing of the Notice to the class members. Specifically, counsel expended $4,057.27. This amount is significantly lower than what is charged by third party administrators for similar notice regimes, which would likely exceed $40,000. (dkt # 55, Supplemental Declaration of Attorney William E. Parsons in Support of Petition for Class Counsel's Costs and Attorney's Fees at ¶2). These costs were necessary to protect and advance the interests of class members. As stated above, under the terms of the fee agreements, Class Counsel is entitled to request attorney's fees plus actual costs. Instead of requesting a separate award of actual costs, however, Class Counsel ask that their costs be absorbed into the combined fees and costs request of $71,500. The Court should accordingly award Class Counsel these reasonable and necessary costs.

## CONCLUSION

On the basis of the argument and authority set forth above, the supporting declarations and the record in this matter, Plaintiff respectfully requests that this Court award those costs and attorney's fees requested in Plaintiffs' Petition for Class Counsel's Costs and Attorney's Fees.

Respectfully submitted this 30th day of October, 2012

        **HAWKS QUINDEL, S.C.**
        Attorneys for Plaintiff

        By: _/s/ William E. Parsons_
            William E. Parsons, State Bar No. 1048594
            Email: wparsons@hq-law.com
            David C. Zoeller, State Bar No. 1052017
            Email: dzoeller@hq-law.com
            Danielle M. Schroder, State Bar No. 1079870
            Email: dschroder@hq-law.com
            Post Office Box 2155
            Madison, Wisconsin 53701-2155
            Telephone: 608/257-0040