IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**BLAKE DRAPER**
on behalf of himself and
all others similarly situated,

                      Plaintiff,

    vs.

**CAPTEL, INC.**

                      Defendant.

Case No. 11-CV-535

# FINAL ORDER

On November 7, 2012 at 1:00p.m., a hearing was held on the Parties' Joint Motion for Final Approval of Class Action Settlement. Class Counsel, Hawks Quindel, S.C., appeared for the Plaintiff and Class, by William Parsons and David Zoeller. Defendant appeared by Whyte Hirschboek Dudek, S.C., by Thomas P. Godar. Plaintiff, the Class, and Defendant are referred to collectively in this order as the Parties.

Having received and considered the Settlement Agreement, the supporting papers filed by the parties, and the evidence and argument received by the Court at the final approval hearing, by means of this order (the "Final Approval Order"), the Court grants final approval to the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1.  Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement Agreement.

2.  This Court has jurisdiction over the subject matter of this litigation and all related matters and all state and federal claims raised in this action and released in the Settlement, and personal jurisdiction over Defendants and all class members. Specifically, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; and section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over all state-law claims asserted by Plaintiff because the state-law claims derive from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction.

4.  Pursuant to the Preliminary Approval Order, a Notice of Settlement, Consent Form and Request for Exclusion Form were sent to the Class Members. These papers informed class members of the terms of the Settlement, their right to claim a share of the settlement proceeds, their right to opt-in to the Fair Labor Standards Act collective class, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement.

The Notice was provided with ample time for the class members to follow these procedures.

5. Subject to paragraph 6 below, the Court finds and determines that this notice procedure afforded adequate protections to class members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of class members. Notice was accomplished in all material respects in the manner prescribed by the Settlement Agreement and Preliminary Approval Order. The Court finds and determines that the Notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process, including but not limited to the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"), the Fair Labor Standards Act, the United States Constitution, and any other applicable law.

6. To ensure adequate notice to class members, the Court further orders that Defendant must:

    a. immediately post the name and last known address of the 101 class members who could not be located by Plaintiff's counsel; and

    b. without delay, post the name and last known address of all check recipients who fail to cash their check within 90 days of issuance.

These postings must be placed prominently on bulletin boards used for employee messages and labor notices, and must ask readers to submit, to an employee designated by Defendant, any additional contact information for the listed persons. Defendant must immediately pass along any information received to Plaintiff's counsel, who will attempt to confirm the accuracy of this information and provide addresses to which defendant may either disseminate an initial settlement check or, in the case of uncashed checks, cancel and issue a replacement check.

7. Pursuant to Rule 23(e), the Court further finds and determines that (a) the terms of the Settlement are fair, reasonable, and adequate to the Settlement Class and to each class member, (b) 60 of the class members have excluded themselves from the Settlement, (c) no class member has objected to the Settlement, (d) the Settlement ordered is finally approved, and (e) all terms and provisions of the Settlement should be and hereby are ordered to be consummated. The Court specifically finds that the Settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of the Class and Defendant, after thorough factual and legal investigation.

8. The Court finds and determines that the payments to be made to the class members as provided for in the Settlement Agreement are fair

and reasonable. The proposed plan of allocation is rationally related to the relative strengths of the respective claims asserted. The Court hereby gives final approval to and orders the payment of those amounts be made to the Authorized Claimants out of the $297,500 common fund in accordance with the terms of the Settlement Agreement.

9. The Court approves the award of an Enhancement Payment to the Plaintiff in the amount of $1,000 as fair and reasonable based on the applicable precedent from the United States Supreme Court and the Seventh Circuit Court of Appeals.

10. The Court approves Class Counsel's petition for costs and attorney's fees and finds that an award of attorney's fees in the amount of $71,500, inclusive of all costs, is appropriate based on Rule 23 and applicable precedent from the United States Supreme Court and the Seventh Circuit Court of Appeals.

11. The Court finds that the Class Representative and Class Members who did not exclude themselves from the settlement and who returned a timely executed Consent Form, have released all federal and Wisconsin state wage and hour claims that were raised or could have been raised in the course of the Class Representative's or Class Members' employment with Defendant during the Class Period. As to those individuals who did not exclude themselves from the settlement and who did not return a timely executed Consent Form, they have released all Wisconsin state wage

5

and hour claims that were raised or could have been raised in the course of the Class Representative's or Class Members' employment with Defendant during the Class Period but have not released their claims under the Fair Labor Standards Act.

12. If, for any reason, the Settlement ultimately does not become Final, this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

13. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement. The court hereby incorporates all the terms of the settlement into this order and compliance with the settlement is required.

14. This action is dismissed with prejudice, each side to bear its own costs and attorney's fees except as provided by the Settlement Agreement and the Court's orders.

**IT IS SO ORDERED.**

Entered this 7th day of November, 2012.

                                                  _____/s/_____
                                                  William M. Conley
                                                  UNITED STATES DISTRICT COURT
                                                  JUDGE